IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ELIZABETH L. SUMNER and RAY G. SUMNER,

    Plaintiffs,

v.

BIOMET, INC.,

    Defendant.

Civil Action No.
7:08-CV-98 (HL)

# ORDER

## I. PRELIMINARY STATEMENT

This Court conducts an initial review of each case. The initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts have only limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] Specifically, they possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore, federal courts should constantly examine

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

## II. FACTS

Plaintiffs allege that subject matter jurisdiction is based on complete diversity of citizenship of the Parties. Compl. ¶ 1. Specifically, Plaintiffs allege that they reside in the Middle District of Georgia and Defendant is an "Indiana company." Plaintiffs fail, however, to allege the location of Defendant's one principal place of business or the state of incorporation.

## III. ANALYSIS

Original jurisdiction may be based on a federal question or on diversity of citizenship. 28 U.S.C.A. § 1331; 28 U.S.C.A. § 1332. The Court's jurisdiction over this case is premised on diversity of citizenship. A federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). This Order focuses on the citizenship requirement of diversity of citizenship jurisdiction.

A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. See 28 U.S.C.A. 1332(c)(1); Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). Further, "complete diversity" must exist for the court to retain jurisdiction, that is, every plaintiff

must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, Plaintiffs fail to make a specific reference to Defendant's one principal place of business or its state of incorporation. As Plaintiff's allegation does not foreclose the possibility that Defendant has its one principal place of business in Georgia, or–-admittedly less likely–Defendant is incorporated in Georgia, complete diversity might not exist in this case. Therefore, Plaintiff's jurisdictional allegation is deficient.

Because Plaintiff's Complaint asserted that subject matter jurisdiction exists, she should be afforded an opportunity to support its assertion. Thus, Plaintiff must amend her Complaint to cure this jurisdictional defect. If she fails to file an amendment correcting this defect within twenty (20) days after this Order is entered on the docket, this case will be subject to dismissal.

## IV. CONCLUSION

To correct a deficient allegation of diversity of citizenship, Plaintiff shall amend her Complaint, if at all, within twenty (20) days after this Order is entered on the docket. If she fails to file the amendment by the deadline set forth above, this case shall be dismissed.

**SO ORDERED**, this the 30th day of July, 2008.

*s/ Hugh Lawson*
tch  **HUGH LAWSON, Judge**