IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ELIZABETH L. SUMNER and <br> RAY G. SUMNER, <br>     Plaintiffs, <br> v. <br> BIOMET, INC., <br>     Defendant. | CASE NO. 7:08-CV-98 (HL) |

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel and Brief in Support (Doc. 29) (the "Motion"). Based on the following reason, Plaintiff's Motion is granted.

## I. Factual Background

In July 2006, Plaintiff's doctor replaced her hip with an $M^2a$ Magnum Hip Device, a metal hip prosthesis manufactured by the Defendant. (Pl.'s Br. 1-2.) Initially, the hip replacement appeared to be a success, but within a few months Plaintiff began experiencing pain in her right hip and down her right leg. (Pl.'s Br. 1.) X-rays showed metal debris in her hip. (Pl.'s Br. 1-2.) In December 2006, Plaintiff underwent another surgery to remove the debris, but Plaintiff continued to experience pain in her hip. (Pl.'s Br. 2.) Plaintiff's doctor determined that Plaintiff "had a failed right hip arthroplasty" and underwent another surgery to repair her hip, but she continues to experience pain. (Pl.'s Br. 2.) Plaintiff brought suit

against Defendant for strict liability, negligence and breach of warranty for damages allegedly caused by a defective M$^2$a Magnum Hip Device. (Pl.'s Br. 2.)

Plaintiff served discovery on Defendant seeking, among other things, any information regarding any lawsuits filed against Defendant in which the plaintiff alleged that a hip prosthesis was defective, or any formal or informal complaints against Defendant or a subsidiary or related company alleging that a hip prosthesis was defective. (Pl.'s Br. 5-6.) Defendant refuses to produce the information and the parties have exchanged numerous letters in an attempt to resolve the dispute. (Pl.'s Br. 2-4.) When negotiations failed, Plaintiff filed this motion.

In its Response to the Motion, Defendant agrees to produce all information regarding lawsuits and patient complaints filed from January 1, 2000 to the date of entry of the pretrial order relating to the M$^2$a Magnum Hip Device, but Defendant insists that it will not provide such information to the extent that lawsuits or complaints do not involve allegations substantially similar to the allegations in this case. (Def.'s Resp. Br. 3-5.) Defendant asks this Court to enter an order reflecting this proposal. (Def.'s Resp. Br. 5.)

**II. Discussion**

Federal Rule of Civil Procedure 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." Id.  The standard for relevance is broad and ought to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978).

In this case, Plaintiff is seeking discovery that relates to other lawsuits or patient complaints regarding the M$^2$a Magnum Hip product group.  Defendant has agreed to produce such information, but requests that such discovery be limited to litigation and patient complaints "involving substantially similar allegations of defect, i.e. those related to the 'composition of the metal of the M$^2$a Magnum components.'" (Def.'s Resp. Br. 6.)  Defendant supports its position by citing to state law cases from Georgia regarding the admissibility of similar acts evidence at trial.  (Def.'s Resp. Br. 7.)  Such an argument misses the point.  As was stated above, relevant information for the purposes of discovery does not necessarily have to be admissible at trial.  Rule 26(b)(1).

This case is similar to Dollar v. Long Mfg., N. C., Inc.[1] 561 F.2d 613 (5th Cir. 1997).  In Dollar, the plaintiff brought a wrongful death action against the defendant based on the death of her son who was operating a backhoe manufactured by the defendant.  Id. at 614-15.  There were no witnesses to the

---

[1] "The decisions of the former Fifth Circuit, rendered prior to October 1, 1981, are binding upon this court, unless and until overruled or modified by the Eleventh Circuit sitting *en banc*." U.S. v. Curra-Barona, 706 F.2d 1089, 1091 n. 1.

accident.  Id. at 615.  Plaintiff alleged various design and manufacturing defects, while the defendant defended itself by arguing that the plaintiff's son used the tractor improperly.  Id. at 614-15.

In the course of the dispute, the plaintiff sought information concerning the existence and details of other injuries and deaths involving the use of backhoes manufactured by the defendant.  Id. at 615.  The Fifth Circuit held that even if the evidence of prior accidents would not be admissible at trial, the information was still relevant in discovery because it was reasonably calculated to lead to admissible evidence, particularly because the main issue in the case was causation.  Id. at 617.

Likewise, in this case, the information sought by the Plaintiff about other lawsuits and patient complaints concerning the M$^2$a Magnum Hip Device is reasonably calculated lead to the discovery of admissible evidence.  Whether or not the requested information would be admissible at trial is of no moment in the discussion of whether the information is relevant in discovery.

For the foregoing reason, Plaintiff's Motion is granted.

**SO ORDERED**, this the 17th day of September, 2009.

/s/ **Hugh Lawson**
HUGH LAWSON, JUDGE

jch