# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

ELIZABETH L. SUMNER and )
RAY G. SUMNER, )
                          )
       Plaintiffs, )       **Civil Action File No.**
                          )       **7:08-CV-00098-HL**
v. )
                          )
BIOMET, INC., )
                          )
       Defendant. )

## PLAINTIFFS' MOTION TO CHALLENGE DEFENDANT'S CONFIDENTIALITY DESIGNATION

COME NOW Plaintiffs Elizabeth and Ray Sumner and file their Motion to Challenge Defendant's Confidentiality Designation as follows:

1.    On July 21, 2009, the parties entered into a Consent Confidentiality and Protective Order. Pursuant to paragraph II of the Consent Confidentiality Protective Order, if a party disagrees with a designation of confidentiality, the party shall notify the Designating Party in writing. On November 5, 2009, Plaintiffs' counsel wrote a letter to counsel for Defendant challenging the confidentiality of certain documents. A copy of this letter is attached hereto as **Exhibit A.**

2.    The Plaintiffs are filing this Motion because of the Defendant's refusal to remove the confidentiality designation from documents which clearly should not be designated as confidential. The documents which Defendant has marked as confidential are being Filed Under Seal along with Plaintiffs' Notice of Filing for the Court's consideration.

3.      By designating these documents confidential, Plaintiffs' counsel are limited in their ability to communicate with potential witnesses who are identified in the documents. Specifically, paragraph III.2. of the Consent Confidentiality and Protective Order prohibits Plaintiffs' counsel from disclosing any information contained in the documents which Biomet has designated as confidential.  Therefore, the language in the Protective Order may be construed so as to prohibit Plaintiffs' counsel from communicating with these potential witnesses about other incidents.  The only reason to designate these documents as confidential is to obstruct the efforts of Plaintiffs and their attorneys to properly investigate these other incidents and develop evidence which may make these incidents admissible at trial.

4.      In addition, there is no basis for the confidentiality designation. The documents do not contain any trade secret information.  They are simply documents which were prepared as a result of claims being made by patients who had a failure of a Biomet hip prosthesis.  Biomet has the burden of proving that the documents should be produced subject to a confidentiality provision.  Biomet has not provided any legal basis to support its confidentiality designation.

WHEREFORE, Plaintiffs pray this Court enter an Order specifically overruling the confidentiality designation.

RESPECTFULLY SUBMITTED this 20th day of November 2009.

THE COOPER FIRM

/s/ Lance A. Cooper
LANCE A. COOPER
Georgia Bar No. 186100
Attorney for Plaintiffs

701 Whitlock Avenue, S.W.
Building J, Suite 43
Marietta, Georgia 30064
770/427-5588
lance@thecooperfirm.net

THE HELMS LAW FIRM

/s/ J. Jeffrey Helms, Jr.
J. JEFFREY HELMS, JR.
Georgia Bar No. 344510
**Attorney for Plaintiffs**

P.O. Box 537
100 North College Street
Homerville, Georgia 31634-0537
912/487-5377
jeffhelms@helmslaw.com

"We certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document."

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing pleading by CM/ECF System, and deposited a true copy of same in the United States Mail, postage prepaid, addressed to counsel of record as follows:

R. Page Powell, Jr.
**Huff, Powell & Bailey, LLC**
1355 Peachtree Street
The Peachtree, Suite 2000
Atlanta, GA 30309

This the 20th day of November 2009.

**THE COOPER FIRM**

**/s/ Lance A. Cooper**
**LANCE A. COOPER**
Georgia Bar No. 186100
**Attorney for Plaintiffs**

701 Whitlock Avenue, S.W.
Building J, Suite 43
Marietta, Georgia 30064
770/427-5588
lance@thecooperfirm.net

# EXHIBIT "A"

# THE COOPER FIRM

### ATTORNEYS AT LAW

LANCE A. COOPER
ALSO ADMITTED IN CALIFORNIA

E-MAIL: info@thecooperfirm.net

701 WHITLOCK AVENUE, S.W.
BUILDING J, SUITE 43
MARIETTA, GEORGIA 30064

TELEPHONE: 770-427-5588
FACSIMILE: 770-427-0010
TOLL FREE: 800-317-2021
WEBSITE: www.thecooperfirm.net

November 5, 2009

*Via Facsimile (404-892-4033)*
*and Regular U.S. Mail*

R. Page Powell, Jr., Esq.
**HUFF, POWELL & BAILEY, LLC**
1355 Peachtree Street
The Peachtree, Suite 2000
Atlanta, Georgia 30309

> **Re:** **Elizabeth and Ray Sumner v. Biomet, Inc.**
> **U.S.D.C., Middle District, Valdosta Division**
> **Civil Action File No.  7:08-CV-00098-HL**

Dear Page:

I received your November 3, 2009 letter.

Your letter misconstrues the substance of my previous letters. We are not significantly expanding the scope of our discovery. The only additional materials we are asking Biomet to produce are the prosthetic devices which were the subject of the complaints which Biomet has already produced. Contrary to the assertions in your letter, there is likely no more relevant evidence than other M2A Magnum prosthetic devices which are also defective and/or failed in a manner similar to the failure of Ms. Sumner's prosthetic device. Your efforts to resist our request that your client produce these devices simply highlights the importance of this evidence. It is our position that your client should have produced these materials as a part of the initial Rule 26 disclosure. Since your client is apparently not going to agree to produce these devices, I am enclosing a Request for Entry Upon Land for Inspection and Other Purposes. Hopefully, your client will reconsider and we will not need to burden the Court with another discovery dispute.

We have also reviewed the documents which your client designated as produced subject to the confidentiality order. If I did not make it clear in my previous letters, it is our position that none of the documents produced by your client should be marked as confidential. There is no basis for the confidentiality designation for the following documents:

- Quality Assurance Customer Complaint Reports
- Event Assessment Logs

R. Page Powell, Jr., Esq.
November 5, 2009
Page 2

- EC Reports
- Internal communications regarding the complaints
- Correspondence to third parties regarding the complaints
- Retrieved Product Reports
- Explant Data Sheets
- MDR, Adverse Event, Mandatory Problem Reporting Decision Tree Matrix

Please let us know by Monday, November 9, 2009 whether your client will agree to remove the confidentiality designation from these documents. If we do not hear from you by then, we will be forced to file a motion pursuant to II.3. of the Consent Confidentiality and Protective Order asking the Court to overrule the confidentiality designations.

Furthermore, with respect to the redactions, the only redactions which are appropriate are those which identify the names of patients. You have redacted information regarding the identity of hospitals where surgeries were performed and physicians who performed those surgeries. You also redacted information identifying other individuals who were involved in the claims process. There is no legal basis for redacting any of the information in the documents other than patient names. Of course, the obvious practical reason is that Biomet does not want to provide us with information about witnesses who have knowledge of other defective M2A Magnum prosthetic devices. Please ask your client to reconsider and produce unredacted documents other than patient names.

I look forward to hearing from you shortly.

Sincerely

THE COOPER FIRM

Lance A. Cooper

LAC/dal
cc:  J. Jeffrey Helms, Jr., Esq.