**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**ELIZABETH L. SUMNER and**
**RAY G. SUMNER,**

                Plaintiffs,                       Civil Action No. 7:08-CV-98 (HL)

v.

**BIOMET, INC.,**

                Defendant.

**ORDER**

This case is before the Court on Plaintiffs=Motion for Court Review of Clerk's Taxation of Costs (Doc. 146). The Motion is granted, in part, and denied, in part.

Following the entry of judgment in its favor, Defendant filed a Bill of Costs seeking $11,662.15. This amount included $8,673.59 in deposition expenses, $160 in witness appearance fees, and $2,828.56 in copy costs. Plaintiffs objected to the Bill of Costs, arguing that Defendant had not complied with the Local Rules for taxation of costs, that Defendant had not met its burden of proving costs for copying, that Defendant had not properly supported its request for the cost of deposition transcripts, and that Defendant attempted to tax costs for witness fees paid by Plaintiffs.

The Clerk of Court addressed the requested costs and Plaintiffs' objections in a well-reasoned order (Doc. 144). In response to Plaintiffs' objections, the Clerk reduced the deposition costs sought to $7,818.18, reduced the witness fees sought

to $80, and reduced the copying costs to $731.94. The total amount taxed against Plaintiffs was $8,630.12.

Plaintiffs have now moved under Federal Rule of Civil Procedure 54(d)(1) for the Court to review the Clerk's taxation of costs. Rule 54(d)(1) provides that, "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Thus, Defendant, as the prevailing party in this case, is entitled to recover its costs in this action. The Court may tax the following as costs:

> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)   Docket fees under section 1923 of this title;
>
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The recovery of costs, however, is not unlimited. The Court does not have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co.,

379 U.S. 227, 235, 85 S.Ct. 411, 416 (1964), *overruled on other grounds by*
Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494 (1987). The
Court is limited to the list of items set forth in § 1920 and other applicable statutes.
Crawford Fitting Co., 482 U.S. at 445. The Court reviews the Clerk's assessment of
costs *de novo* when the assessment is challenged. Farmer, 379 U.S. at 233.

## I.     DOCUMENTATION

Plaintiffs first contend that the Bill of Costs should be denied in its entirety
because Defendant did not supplement its request with any citations of authority or
any copies of invoices as required by Local Rule 54.2.1.

Counsel for Defendant supports her Bill of Costs with an attached
computerized expense billing statement wherein all costs are listed chronologically,
with a brief description of the items and the amounts paid. Plaintiff is correct,
however, that counsel for Defendant failed to provide any invoices in support of the
costs or to explain how the listed costs meet the requirements of § 1920. Although
this information would have been useful, and should have been provided, the Court
will not deny the Bill of Costs outright. The Court has relied, where possible, on
counsel's "Declaration" on the Bill of Costs, made under penalty of perjury, that the
costs are correct and necessarily incurred in this case. *See* Velez v. Levy World Ltd.
P'ship, 182 Fed. Appx. 929, 932 (11th Cir. 2006). Further, in the Court's opinion, the
billing statement attached to the Bill of Costs provides enough information for the
Court to rule on the requests. Thus, to the extent Plaintiffs contend the copying costs

and deposition transcripts costs should be denied in their entirety, the Court denies that request.

## II.    PHOTOCOPYING COSTS

Defendant initially sought to recover $2,828.56 in photocopying costs. A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The party seeking reimbursement for copying costs must present evidence showing the nature of the documents copied including how they were used or intended to be used in the case. Brewer-Giorgio v. Bergman, 985 F.Supp. 1478, 1485 (N.D. Ga. 1997).

The Clerk reduced the Bill of Costs for photocopies to $731.94 because Defendant did not adequately document the nature of many of the materials copied or how they were intended to be used in the case. In its motion to review, Plaintiffs do not specifically challenge the award of $731.94 in costs for photocopies. Instead, they again argue that the entirety of the $2,828.56 requested should be denied.

The Court agrees with the Clerk that an award for the copies of medical records maintained by Tift Regional Medical Center, HealthPort for Affinity Health Group, and Georgia Sports Medicine is appropriate. These are clearly photocopies attributable to discovery, and while more detailed information about them would be preferable, the Court has little trouble finding that these copying costs were necessarily obtained for use in the case. The Court denies Plaintiff's request to reduce the Bill of Costs for exemplification and copy fees to $0.

## III.   DEPOSITION TRANSCRIPT COSTS

Defendant initially sought to recover $8,673.59 in costs for printed or electronically recorded transcripts. Taxation of deposition costs is authorized by § 1920(2). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) (quotation omitted). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." Id. at 621 (quotation and internal quotation marks omitted). The Court "has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorney." Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B June 1981).[1]

The Clerk reduced the Bill of Costs for deposition transcripts to $7,818.18. The Clerk determined Defendant did not provide sufficient information about deposition costs of $287.80 and $24.70, as there is no explanation for why these costs were incurred. The Clerk also disallowed the cost of $570.90 for an additional copy of the video deposition of Mary Johnson, as Defendant did not provide information stating why an additional copy was needed.

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiffs argue that the entirety of the amount requested be denied. The Court denies that request. Plaintiffs also argue that the award of $1,037.90 for the deposition listed on page 4 of the attachment to the Bill of Costs is inappropriate because the name of the deponent is not given. It appears from the Clerk's taxation of costs that he assumed those costs were related to the deposition of David Schroeder (Doc. 144, p. 4), but Plaintiffs are correct that the attachment does not give the name of the deponent. The Court cannot determine from the information before it whether those costs were necessary and will accordingly reduce the award of costs by $1,037.90. As for the remaining depositions, there is no dispute that the individuals were deposed. Most of the depositions were relied upon by the parties in support of various motions filed in the case. It appears these depositions were necessary for purposes of § 1920(2).

## IV.    CONCLUSION

Plaintiffs' Motion for Court Review of Clerk's Taxation of Costs (Doc. 146) is granted, in part, and denied, in part. The Clerk is directed to tax costs against Plaintiffs and in favor of Defendant in the revised amount of $7,592.22.

**SO ORDERED**, this the 20th day of June, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh